## Case No. 13,075.

SMITH et al. v. The MANSANITO.[1]

District Court, S. D. New York. Oct. 19, 1861.

SALVAGE—SALE OF DERELICT—RIGHT TO FREIGHT
—BLOCKADE OF PORT.

[A derelict vessel and cargo were sold under a decree awarding one half to the salvors. The original owners of the vessel purchased her at the sale, which was before the sale of the cargo, and thereupon notified the cargo owners that they held themselves ready to carry the cargo to its destination, on the raising of the blockade which had been declared in the meantime, and claimed a lien for freight. *Held*, that there was no lien, and that the owners of the cargo were entitled to the entire proceeds thereof after satisfaction of the salvage decree.]

[This was a libel by Jonas Smith and others against the bark Mansanito and cargo, to recover for salvage services. Heard on application for payment of surplus proceeds of cargo to the cargo owners.]

This case came up on an application to the court for payment of the remnants and proceeds out of the registry. The vessel and her cargo were abandoned at sea on March 28, 1861, brought into this court by salvors

---

1 [Not previously reported.]

as derelict, and libeled by them, and the court awarded one-half the proceeds of the vessel and her cargo as salvage. At the time of her abandonment the vessel was carrying a cargo of iron, under a charter to deliver it at City Point in Virginia. The owners of the cargo abandoned the cargo to the underwriters, and appeared in the salvage suit only as respecting them. The vessel arrived in New York April 10th, the decree in the case was rendered June 13th, the vessel was sold June 29th to the original owners, and the cargo was sold July 6th. On July 2d the owners of the vessel gave notice to the owners of the cargo that they held themselves in readiness to forward the cargo to its destination as soon as the blockade of Virginia, established April 30th, was removed, and claimed their right to hold the cargo for that purpose, and suggested that one-half of the cargo should be delivered up to satisfy the salvage decree against it, and that, if the owners of the cargo desired to have the cargo remain here, some settlement be made as to the freight; otherwise, the vessel would claim her lien on the cargo and its proceeds for freight. No such agreement was made, and the cargo was sold, and the proceeds remaining in court, after satisfying the salvage decree, amounted to about $6,200. The owners of the cargo now applied for the payment to them of all the proceeds so remaining, while the owners of the vessel claimed that the freight should be paid to them out of such proceeds.

Mr. Nash, for the vessel.
Mr. Lord, for the cargo.

THE COURT (SHIPMAN, District Judge), after hearing counsel for the respective claimants, made an order that the proceeds should be paid in full to the owners of the cargo, thus disallowing the claim for freight. Costs to be divided proportionally between vessel and cargo.